IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LEWIS S. ROBINSON, III, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. C-05-90 |
| | § | |
| CARL C. KRUEGER, JR., | § | |
| JOHN T. CABANISS, and | § | |
| ANDREWS KURTH LLP, | § | |
| Defendants | § | |

## ORDER AND OPINION ON DEFENDANT CARL C. KRUEGER'S AMENDED MOTION FOR LEAVE TO FILE CROSS-CLAIM AND FIRST AMENDED ANSWER, AND KRUEGER'S ORAL MOTION TO JOIN THIRD PARTY DEFENDANTS

On this day came to be heard the **Amended Motion for Leave to File Cross-Claim and First Amended Answer**, filed by Defendant Carl C. Krueger ("Krueger"). In addition, an **Oral Motion to Join Third Party Defendants** by Krueger was heard. For the reasons set forth herein, the Motions will be denied, without prejudice.

### I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, pursuant to an alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, <u>et seq.</u>

### II. PROCEDURAL HISTORY

This action began in State Court on a **Petition to Take Deposition Before Suit** filed by Robinson on December 9, 2004, to take a pre-suit deposition of Krueger to determine if additional parties should be joined in any proposed action against Krueger. A hearing was held in State Court on January 15, 2004, and the

1

petition was denied. When the court asked counsel for Krueger what he would do if the court denied the petition, and a lawsuit was filed only against his client, Krueger's counsel responded that he would immediately join the Defendants John T. Cabaniss ("Cabaniss") and Andrews Kurth, LLP ("AK"), as well as the credit reporting agency.

Robinson brought this action against Krueger in the 36th Judicial District, Aransas County, Texas, Cause No. A-04-0174-CV-A, on July 22, 2004, alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"); Tortious Interference with Business Relationships; and Malice and Gross Negligence, pursuant to Krueger's unauthorized obtainment of Robinson's personal credit history. While the action was in the State Court, Robinson filed an amended petition adding Cabaniss and AK on January 18, 2005. The action was removed to this Court by AK on February 22, 2005, based on federal question jurisdiction, for the alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. All defendants consented to removal.

The Court held a telephone conference with all parties on March 10, 2005. At that conference, Robinson asserted that upon review of the documents that were produced by AK in the state court action, he didn't have a claim or cause of action against AK over and above the thousand dollar statutory penalty.

2

Robinson stated that he was not interested in imposing that penalty. He also stated that if a sworn deposition of Cabaniss supported the same finding, both parties would be out of the case on a voluntary dismissal.

Cabaniss was deposed on March 23, 2005. Robinson filed a **Motion to Remand** on March 24, 2005. Krueger died on March 25, 2005. Robinson filed a **Motion to Withdraw the Motion to Remand** on March 31, 2005.

On April 20, 2005, a **Joint Motion to Voluntarily Dismiss Without Prejudice the Claims Between Them** was filed by Robinson, Cabaniss, and AK. The Court granted the motion on April 24, 2005. On April 25, 2004, Krueger filed a **Motion for Leave to Amend** (to file a cross-claim against Cabaniss and AK), and to file a **First Amended Answer**, asserting that new information obtained from Cabaniss' deposition prompted him to do so. An Initial Pre-trial Conference ("IPTC") was held on April 27, 2005, with all parties in attendance. At that conference, the Court heard Krueger's **Oral Motion to Join Third Party Defendants**.

## III. DISCUSSION

"While leave [to amend a pleading] shall be given freely when justice so requires, the decision rests in the sound discretion of the trial court." Ross v. Houston Independent School Dist., 699 F.2d 218, 228 (5th Cir. 1983). "Unless the opposing party can show prejudice, bad faith, or undue delay, a

court should grant leave to amend a pleading." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). There must be a substantial reason to deny leave to amend. "In the absence of any declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be freely given." <u>Id.</u> It is not an abuse of discretion when a district court denies an amendment to a complaint, if that amendment would be futile to cure its defects. <u>Duzich v. Advantage Finance Corp.</u>, 395 f.3d 527, 531 (5th Cir. 2004).

As a threshold issue, when Krueger filed his **Motion for Leave to Amend**, the parties Cabaniss and AK had been dismissed from this action pursuant to the **Joint Motion to Voluntarily Dismiss Without Prejudice the Claims Between Them**, which was granted by the Court on April 24, 2005. As a matter of law, Krueger cannot cross-file against parties who have been dismissed from the suit. Krueger's **Motion for Leave to Amend** will be denied in its entirety, without prejudice.

### A.   Oral Motion to Add Third Party Defendants

At the IPTC, the Court allowed Krueger to make an **Oral Motion** to add Cabaniss and AK as third party defendants. The following arguments were made.

4

### 1. Failure to Exercise Due Diligence

Cabaniss and AK assert that they were brought into the case as defendants five months after the original complaint was filed. They allege that Krueger knew of the facts that would have allowed Cabaniss and AK to be brought in the case as third party defendants long before the deposition of Cabaniss was taken. Cabaniss and AK assert that they were handed a draft third-party petition provided by Krueger's attorneys at a meeting of the parties in December of 2004, which proposed to join them as third party defendants. Despite that knowledge by Krueger's counsel, Krueger has delayed any attempt to add Cabaniss and AK until now. Krueger provides the Court with no evidence or explanation for the undue delay.

### 2. Indemnification

Krueger asserts that the basis for joining the two third party defendants was pursuant to their involvement in obtaining Mr. Robinson's credit history. Robinson countered that the involvement of Cabaniss and AK was benign, and but for Krueger illegally obtaining Mr. Robinson's Social Security number and providing same to Cabaniss, the credit report would not have been obtained. He reiterated that Cabaniss did not obtain the Social Security number.

Krueger asserts a cause of action under the FCRA, citing Yohay v. City of Alexandria Employees Credit Union, 827 F.2d 967,

5

973 (4th Cir. 1987), for the premise that Cabaniss and AK were the ones who actually obtained the credit report.  In <u>Yohay</u>, the court held that "[i]ndemnification is warranted in a case ... in which the indemnitor is the 'active' or 'primary' wrongdoer and the indemnitee is the 'passive' or 'secondary' wrongdoer." Counsel for Krueger makes the assertion that Krueger was a passive participant, i.e., he didn't actually pull the report.

<u>Yohay</u> can be distinguished, however, because the court found negligent and willful conduct on the parties who actually obtained the credit report.  <u>Id.</u> at 972.  In the present action, Robinson argues that the actions of Cabaniss and AK were benign, with Krueger being the primary wrongdoer, having illegally obtained Robinson's Social Security number.

Cabaniss and AK assert that Krueger's **Oral Motion** for leave to join them for indemnity should be denied because there is no express or implied cause of action for indemnity under the Fair Credit Reporting Act, 15 U.S.C. § 1681, <u>et seq.</u>

A right to indemnification by a defendant liable under a federal statute may arise in either of two way ways: "First , through the affirmative creation of a right of action by Congress, either expressly or by clear implication; or, second, through the power of the federal courts to fashion a federal common law of contribution. <u>Texas Industries, Inc. v. Radcliff Materials, Inc.</u>, 451 U.S. 630, 638 (1981).  The Fair Credit

6

Reporting Act contains no express provision for indemnification. Kay v. First Continental Trading, Inc., 966 F. Supp 753, 754 (N.D.Ill. 1999). "Where a third party complaint seeks indemnification or contribution for a violation of a federal statute, federal law applies." McMillan v. Equifax Credit Information Services, Inc., 153 F. Supp.2d 129, 132 (D.Conn. 2001).

Rule 14(a) of the Federal Rules of Civil Procedure provides that a defending party, as a third party plaintiff, may bring in a third party who is not a party to the action "who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff." The Fifth Circuit held that "a third party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third party defendant's liability to the defendant." McCain v. Clearview Dodge Sales, Inc., 574 F.2d 848, 849-50 (5th Cir. 1978). In McCain, as here, the controlling federal statute did not provide a cause of action where one defendant may sue another for indemnity.

Consequently, the Court finds no express or implied cause of action for indemnity under the FCRA. The Oral Motion was denied.

In a separate argument, Krueger requests Leave to File a First Amended Answer, allowing him to affirmatively plead the Noerr Pennington doctrine which protects efforts to influence

7

governmental action, and provides immunity under the First Amendment. The Court will allow Krueger to file a new Motion to Amend his Answer.

## CONCLUSION

For the reasons set forth above, Krueger's **Amended Motion for Leave to Amend** to file Cross-Claim and First Amended Answer is hereby DENIED without prejudice. Krueger's **Oral Motion** to add Cabaniss and AK as third party defendants is hereby DENIED. Krueger is instructed to file a new **Motion to Amend his Answer** within 10 days of the date this Order.

SIGNED and ENTERED this 29th day of April, 2005.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE