```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                CORPUS CHRISTI DIVISION


LEWIS S. ROBINSON, III,      §
     Plaintiff,              §
                             §
v.                           §    Civil Action No. C-05-90
                             §
CARL C. KRUEGER, JR.,        §
                             §
     Defendant.              §
```

## ORDER ON DEFENDANT CARL C. KRUEGER, JR.'S
## MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

On this day came to be considered Defendant Cark C. Krueger, Jr.'s ("Krueger") Motion for Leave to File Amended Answer ("Motion for Leave to Amend"). Krueger seeks leave to amend to plead the <u>Noerr-Pennington</u> doctrine as an affirmative defense. For the reasons set forth below, Krueger's motion will be granted.

**I.   JURISDICTION**

This case is properly before the Court pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441, for an alleged violation of the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681 <u>et</u> <u>seq</u>.

**II.  FACTS AND PROCEDURAL HISTORY**

The Court assumes familiarity with the facts and procedural history of this case as set forth in the Court's previous Order and Opinion on Defendant Karl C. Krueger's Amended Motion for

Leave to File Cross-claim and First Amended Answer, and Krueger's Oral Motion to Join Third Party Defendants, entered by the Court on April 29, 2005.  At the Initial Pre-Trial Conference ("IPTC") held on April 27, 2005, Krueger's Amended Motion for Leave to File Cross-Claim and First Amended Answer was denied without prejudice, with instructions from the Court to file a new Motion for Leave to Amend to plead the affirmative defense of the Noerr-Pennington doctrine.

## III. DISCUSSION

### A. Leave to Amend a Pleading

"While leave [to amend a pleading] shall be given freely when justice so requires, the decision rests in the sound discretion of the trial court."  Ross v. Houston Independent School Dist., 699 F.2d 218,228 (5th Cir. 1983).  "Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to amend a pleading."  Foman v. Davis, 371 U.S. 178, 182 (1962).  There must be a substantial reason to deny leave to amend.  "In the absence of any declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given." Id.  It is not an abuse of discretion when a district

court denies an amendment to a complaint, if that amendment would be futile to cure its defects. Duzich v. Advantage Finance Corp., 395 f.3d 527, 531 (5th Cir. 2004).

As a threshold matter, despite Robinson's repeated requests at the April 27, 2005, IPTC to be given an opportunity to respond to Krueger's Motion for Leave to Amend, Robinson failed to file a response within the requisite time frame, and no objection to the Motion for Leave to Amend has been received by the Court.  There Court therefore construes Krueger's Motion for Leave to Amend to be unopposed.

**B.**   The Noerr-Pennington Doctrine

"The Noerr-Pennington doctrine confers immunity to private individuals seeking anticompetitive action from the government." Bayou Fleet, Inc. v. Alexander, 234 F.3d 852, 859 (5th Cir. 2000).  The doctrine "does not provide persons complete immunity from suit; rather, the doctrine provides only an affirmative defense."  Id. at 860 n.8.  "Generally, a party's failure to raise an affirmative defense in its first responsive pleading results in waiver."  However, if the affirmative defense is raised by the trial court or the litigants, and the issue does not result in unfair surprise, failure to precisely comply with the Federal Rules, specifically Rule 8(c)(which sets forth the requirements for pleading an affirmative defense), is not fatal. The court in its discretion may hold that the defense is not

waived. Id. at 860.  "An affirmative defense is not waived if it is raised at a pragmatically sufficient time and the plaintiff was not prejudiced in its ability to respond." Id. (internal quotations omitted).

"[E]fforts to influence public officials will not subject individuals to liability, even when the sole purpose of the activity is to drive competitors out of business." Id. at 862 (quoting United Mine Workers of America v. Pennington, 381 U.S. 657, 670 (1965).  "The Court has allowed only one exception to the Noerr-Pennington doctrine – the 'sham' exception.  The 'sham' exception involves attempts to influence public officials for the sole purpose of expense or delay ... The evidence must show that a defendant's lobbying activities were 'objectively baseless' for the sham exception to apply." Bayou, 234 F.3d at 861-62.

At the IPTC, Robinson orally objected to Krueger's request to plead the Noerr-Pennington doctrine as an affirmative defense, asserting that the defense was waived because it was not stated in Krueger's first responsive pleading.  Robinson also contends that by allowing the affirmative defense to be asserted at this juncture in the action, Robinson would be prejudiced due to the death of Krueger on March 25, 2005.  Despite Robinson's failure to object to Krueger's Motion for Leave to Amend, the Court will address the issues Robinson raised at the IPTC.

As stated, supra, there is no absolute waiver if the affirmative defense was not asserted in the first responsive

pleading.  The Court does not find waiver in the present case, and looks to the record to determine if Robinson is prejudiced by the assertion of the defense at this stage in the proceedings.

Robinson asserted at the IPTC that due to Krueger's death in March of 2005, the affirmative defense, if allowed in, will unduly prejudice the case inasmuch as Krueger is deceased.  The Court noted at the IPTC that Robinson had ample opportunity to depose Krueger, and did not notice Krueger's deposition despite the fact that the case had been pending in state court since July, 2004.  In addition, because Krueger did not act alone in his government lobbying activities, but was a member of a lobbying group, discovery is still possible despite Krueger's death.  The Court also finds that Robinson is not unduly prejudiced by the assertion of the Noerr-Pennington affirmative defense because the assertion has been made relatively early in the proceedings.  The Court must next consider whether the "sham" exception should apply to Krueger's Noerr-Pennington defense.

Krueger was a member of Citizens for Responsible Government, the group that published an advertisement in the Rockport Pilot newspaper dated July 16, 2003, which was meant to be a lobbying effort directed to the City of Rockport regarding the harborfront development.  Upon review of the advertisement, the Court does not find that the group's lobbying activities were "objectively baseless," a requirement for the sham exception to apply, or that the advertisement was meant to influence public officials for the

-5-

sole purpose of expense or delay.  The advertisement raised legitimate questions posed by taxpayers, and requested "answers based on fact-based evaluations."  The Court finds no sham-based exception to the <u>Noerr-Pennington</u> doctrine, and will allow Krueger to amend his answer to include <u>Noerr-Pennington</u> as an affirmative defense.

**IV.  CONCLUSION**

The Court, having considered the motion, and absent objection from Robinson, hereby GRANTS Krueger's Motion for Leave to File First Amended Answer.

SIGNED and ENTERED this 23rd day of June, 2005.

_____
Janis Graham Jack
United States District Judge